Filed 5/13/22  In re Courtney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re DERRICK COURTNEY,<br><br>On Habeas Corpus. | C095212<br><br>(Super. Ct. No. 20HC00556)<br><br>ORDER MODIFYING OPINION<br><br>[CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 25, 2022, be modified as follows:

On page 4, following the last sentence ending with "under the present versions of sections 188 and 189" the following sentence is added:

This court's opinion is final forthwith as to this court pursuant to rule 8.387(b)(3)(A) of the California Rules of Court.

1

This modification changes the judgment.


FOR THE COURT:



 /s/
ROBIE, Acting P. J.



 /s/
HOCH, J.



 /s/
KRAUSE, J.

Filed 4/25/22  In re Courtney CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| In re DERRICK COURTNEY, | C095212 |
|---|---|
| On Habeas Corpus. | (Super. Ct. No. 20HC00556) |

BACKGROUND

In 2005, a jury found petitioner Derrick Courtney guilty of first degree murder (Pen. Code, §§ 187, subd. (a), 189)[1] with a finding that a principal was armed with a firearm in the commission of the offense (§ 12022.2, subd. (a)(1)).  Later, after finding true a special circumstance allegation that defendant had a prior conviction for first degree murder (§ 190.2, subd. (a)(2)), the trial court sentenced petitioner to state prison for life without the possibility of parole plus an additional year for the section 12022.2 finding.  (*People v. Courtney* (Jan. 4, 2008, C051548) [nonpub. opn.].)

---

[1] Undesignated statutory references are to the Penal Code.

1

Petitioner's jury was instructed that it could find him guilty of murder pursuant to the "natural and probable consequences doctrine" if it concluded he aided and abetted the target offense of assault with force likely to produce great bodily injury.

In 2014, our Supreme Court decided *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*), holding that a murder conviction premised on the natural and probable consequences doctrine was limited to second degree murder, even if the direct perpetrator is guilty of premeditated first degree murder. (*Id.* at p. 166.) In 2017, our Supreme Court determined that *Chiu* had retroactive effect. (*In re Martinez* (2017) 3 Cal.5th 1216, 1222.)

In 2020, petitioner filed a petition for writ of habeas corpus challenging his 2005 first degree murder conviction in light of *Chiu*. The trial court denied that petition in January 2021, explaining that "[a]lthough petitioner [was] correct with respect to the instructions given to his jury," he "[had to] seek relief from his conviction through a petition for resentencing under section 1170.95," not via a habeas corpus petition.

In February 2021, petitioner sought habeas corpus relief in this court, and a panel of this court denied his habeas corpus petition in March 2021. (*In re Courtney* (C093496, petn. den. Mar. 5, 2021).)

Petitioner then sought habeas corpus relief in the California Supreme Court. In an informal response, the Attorney General argued the petition was untimely because petitioner "waited over six years before seeking habeas relief based on" *Chiu*. In November 2021, the Supreme Court issued an order to show cause before this court why petitioner is not entitled to relief based on a *Chiu* claim. (*In re Courtney* (S267763, petn.

filed Mar. 22, 2021, order to show cause issued Nov. 17, 2021).) The Attorney General filed a formal return conceding the petition's timeliness[2] and meritoriousness.[3]

Regarding the merits of the petition, the Attorney General concedes the record from petitioner's trial does not permit a determination beyond a reasonable doubt that petitioner's jury "relied on a theory of murder liability other than the natural and probable consequences doctrine." Accordingly, the Attorney General observes, petitioner "is entitled to th[e] remedy" articulated in *Chiu, supra*, 59 Cal.4th at page 168—vacatur of his first degree murder conviction and remand to the trial court to allow the People to elect whether to accept a reduction of the conviction to second degree murder or retry the petitioner for first degree murder.

Petitioner has not filed a traverse.

We agree with the Attorney General regarding the relief to which petitioner is entitled.

### DISPOSITION

For the reasons stated above, we vacate petitioner's conviction for first degree murder and remand the matter to the trial court. The People shall elect within 30 days whether to accept a conviction of second degree murder (at which point the trial court

---

[2] The Attorney General invokes *In re Robbins* (1998) 18 Cal.4th 770, 814, footnote 34 for the proposition that when our Supreme Court "disposes of a habeas petition in which timeliness . . . is at issue without mention of [an] asserted" procedural bar, our Supreme Court has " 'determined that the claim . . . is not barred' " as asserted by the respondent to the habeas corpus petition. We agree.

[3] The Attorney General observes the trial court's January 2021 denial of habeas corpus relief "misconstrued" the case law and "[f]ailed to recognize the distinction between relief pursuant to section 1170.95 and relief under *Chiu*." We agree. (See *In re Cobbs* (2019) 41 Cal.App.5th 1073, 1081 ["Since this habeas corpus action is not a resentencing petition under section 1170.95, . . . *Chiu* . . . governs"].)

shall enter a new judgment and resentence petitioner accordingly), or to retry petitioner for first degree murder under the present versions of sections 188 and 189.


　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　HOCH, J.



We concur:



/s/
ROBIE, Acting P. J.



/s/
KRAUSE, J.